FILED
AUG 0 6 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZACKITA KERSHAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 5:15-CA-462-OLG |
| | § | |
| CB RESTAURANTS, INC., | § | |
| Defendant. | § | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

On this date the Court considered Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) and to Compel Arbitration (docket no. 4). Plaintiff did not respond.

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Specifically, Defendant argues the Court should dismiss this suit because Plaintiff executed two Independent Contractor/Entertainer Agreements which require Plaintiff to arbitrate her claims against Defendant. That is, Defendant argues the arbitration agreements specifically govern Plaintiff's claims, and therefore, the claims must be subjected to arbitration and this suit must be dismissed.

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

The Fifth Circuit employs a two-step analysis to determine whether the parties have agreed to arbitrate a dispute. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). First, a court must ask if the parties agreed to arbitrate the dispute. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). Second, a court must determine whether any "legal

1

constraint external to the agreement forecloses arbitration of the dispute," such "as when 'Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.'" *Folse v. Richard Wolf Med. Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995); *see also OPE Int'l L.P. v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445–46 (5th Cir. 2001).

To determine whether the parties agreed to arbitrate the dispute at issue, the Court must consider whether a valid agreement to arbitrate exists among the parties and whether the dispute is within the scope of the arbitration agreement. *Webb*, 89 F.3d at 258. In making this determination, the Court should generally apply "ordinary state-law principles that govern the formation of contracts," but must also give due regard to the federal policy favoring arbitration, and it must resolve any ambiguities as to the scope of the arbitration clause itself in favor of arbitration. *Id.*

Under Texas law, a party who seeks to compel arbitration has the initial burden to establish the existence of an arbitration agreement and to show that the asserted claims fall within its scope. *See Wachovia Sec. LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st. Dist.] 2005, no pet.). The burden then shifts to the party opposing arbitration to present evidence showing why the arbitration agreement should not be enforced. *See id.* The party opposing arbitration may show, for example, that the arbitration agreement was procured in an unconscionable manner, or induced or procured by fraud or duress. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001).

In this case, Defendant has presented evidence showing the existence of two signed Independent Contractor/Entertainer Agreements, each of which contain an arbitration clause. Such clause states, in pertinent part, that: "Any controversy, dispute, or claim arising out of entertainer or employee working or performing at the Club CB Restaurants . . . shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act (the "FAA") . . . The parties waive any right to litigate such controversies, disputes, or claims in a

court of law and waive the right to trial by jury" (Docket no. 4, exhibit A). It is uncontroverted that the language in these agreements covers claims arising under the FLSA, and requires Plaintiff to submit such claims against Defendant to binding arbitration. *See Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 675 n.1 (5th Cir. 2006) ("[C]ourts have regularly held that claims by employees arising under federal and state employment statutes are subject to the FAA and mandatory arbitration.").

Given this fact, Defendant has met its initial burden to show the existence of an arbitration agreement signed by Plaintiff. Accordingly, the burden shifts to Plaintiff to show why the arbitration agreement signed should not be enforced. Plaintiff did not respond to Defendant's motion, and has failed to present any evidence to show why the arbitration agreements should not be enforced. Therefore, the Court finds that Plaintiff agreed to arbitrate her claims against Defendant, including the FLSA claims at issue in this case.

Defendant now asks this court to dismiss Plaintiff's claims. The Fifth Circuit has held that dismissal is appropriate "when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Because all of Plaintiff's claims in this case must be arbitrated, the Court holds the instant suit should be dismissed. Accordingly, the Court hereby DISMISSES WITHOUT PREJUDICE all of Plaintiff's causes of action against Defendant. The parties are hereby instructed to seek arbitration under the terms of their agreement(s). The Clerk of the Court shall close this case upon entry of this Order.

It is so ORDERED.

SIGNED this 6 day of August, 2015.

United States District Judge Orlando L. Garcia